IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

KARMIN SALAZAR (02),

    Defendant.

Case No. 13-40065-02-DDC

## MEMORANDUM AND ORDER

Defendant Karmin Salazar has filed a post-judgment motion under 18 U.S.C. § 3582(c)(2). *See* Doc. 251. Relying on an amendment to the United States Sentencing Guidelines commonly called Amendment 782, Ms. Salazar asks the Court to reduce the sentence imposed on her on July 7, 2014.

Ms. Salazar's sentence resulted from her guilty pleas on charges of violating 21 U.S.C. §§ 846 and 841(b)(1)(A) (conspiracy to distribute 500 grams or more of methamphetamine) and 21 U.S.C. § 841(a)(1) (possession with intent to distribute same amount of same substance). Doc. 137 at 1. The Court sentenced Ms. Salazar under an Amended Presentence Investigation Report (Doc. 133) ("Amended PSR"), which calculated her Total Offense Level at level 29 and her Criminal History at Category V. *See* Doc. 133 at 18 (¶ 91).

These findings yielded an advisory guideline range of 140 to 175 months' incarceration. *Id.* But during the sentencing hearing, the parties filed a Post-Conviction Agreement between Ms. Salazar and the United States. *See* Doc. 135 (Clerk's Courtroom Minute Sheet for Sentencing Hearing showing "Post-Conviction Agreement filed in Court"); Doc. 136 (Post-Conviction Agreement signed by Ms. Salazar, her attorney, and the Assistant United States Attorney assigned to her case). In this agreement, Ms. Salazar and the United States jointly

1

agreed to recommend that the Court reduce Ms. Salazar's offense level by the equivalent of two levels.  *See* Doc. 136 at 1 ("In consideration of proposed amendments to the sentencing guideline's Drug Quantity Table found in subsection (c) of §2D1.1 and pursuant to Department of Justice policy . . . the parties jointly recommend the defendant's advisory Guidelines range be reduced by two levels.").  In effect, the parties' agreement asked the Court to sentence Ms. Salazar as though the amendments proposed in Amendment 782 already had taken effect.

The record shows that the Court accepted the Post-Conviction Agreement's joint recommendation.  The Court sentenced Ms. Salazar to 120 months.  Doc. 137 at 2.  Adjusting Ms. Salazar's Total Offense Level from 29 (the level calculated by the Amended PSR) downward by two levels (as the Post-Conviction Agreement recommended) yielded a Total Offense Level of 27.  Level 27, combined with Ms. Salazar's Category V Criminal History, produced an advisory guideline range of 120-150 months.  *See* Sentencing Table (effective Nov. 1, 2012 and still in effect when Ms. Salazar was sentenced on July 7, 2014), attached as Exhibit 1 to this Order.  So when the Court sentenced Ms. Salazar to 120 months, it imposed a bottom of the guideline range sentence that was derived from the adjusted Total Offense Level requested by the parties' Post-Conviction Agreement.  This adjusted Total Offense Level provided Ms. Salazar the benefit of Amendment 782.

These circumstances explain another important aspect of the Post-Conviction Agreement.  On page two of the agreement, Ms. Salazar agreed that she would not ask for another reduction to her sentence if the then-pending amendment to § 2D1.1's Drug Quantity Table, *i.e.*, Amendment 782, was "adopted and made retroactive."  Doc. 136 at 2 ("[i]n making the request for a two-level reduction at this time, the defendant agrees not to seek a further sentence reduction pursuant to 18 U.S.C. § 3582(c) in the event [that] the proposed amendments to the

sentencing guidelines Drug Quantity Table found in subsection (c) of §2D1.1 is adopted and made retroactive by the Sentencing Commission."). The Sentencing Commission adopted, of course, the proposed amendment to § 2D1.1. The Commission also decided that this amendment should apply retroactively. So when Ms. Salazar invokes Amendment 782 as the basis for her current motion, she contradicts the express terms of her Post-Conviction Agreement.

Finally, and even if Ms. Salazar had not received the benefit of Amendment 782 already, the Court could not reduce her sentence any further. Ms. Salazar was convicted of violating 21 U.S.C. §§ 846 and 841(b)(1)(A) (conspiracy to distribute 500 grams or more of methamphetamine) and 21 U.S.C. §§ 841(a)(1) (possession with intent to distribute same amount of same substance). *See* Doc. 137 at 1. A 120-month sentence represents the minimum prison sentence that a federal court can impose on a person convicted of those crimes. *See* Doc. 133 at 18 (¶ 90 of Ms. Salazar's Amended PSR (reciting "minimum term of imprisonment" for both counts of convictions is "10 years")). In sum, a federal statute prohibits the Court from reducing Ms. Salazar's sentence to a term less than 120 months in prison.

**THEREFORE,** the Court denies defendant Karmin Salazar's Motion for Reduction of Sentence (Doc. 251).

**IT IS ORDERED that the Clerk's office mail a copy of this Memorandum and Order to pro se defendant Karmin Salazar at the address shown on Doc. 251-3.**

**IT IS SO ORDERED.**

**Dated this 18th day of February, 2016, at Topeka, Kansas.**

                                                  **s/ Daniel D. Crabtree**
                                                  **Daniel D. Crabtree**
                                                  **United States District Judge**